******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

BENJAMIN BOSQUE *v.* COMMISSIONER
OF CORRECTION
(SC 20622)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

*Syllabus*

The petitioner appealed to the Appellate Court from the habeas court's
denial of his petition for certification to appeal from the dismissal of
his petition for a writ of habeas corpus. The Appellate Court dismissed
the petitioner's appeal, concluding that his unpreserved claims, which
he had not included in his petition for certification to appeal, were not
reviewable under either the plain error doctrine or *State* v. *Golding* (213
Conn. 233). On the granting of certification, the petitioner appealed to
this court.

*Held* that the Appellate Court improperly dismissed the petitioner's uncerti-
fied appeal without first considering whether his unpreserved claims
were not frivolous, and, accordingly, this court reversed the Appellate
Court's judgment and remanded the case for further proceedings:

The issue of whether a reviewing court may review unpreserved claims
challenging a habeas court's handling of the habeas proceeding itself
under the plain error doctrine or *Golding*, despite the petitioner's failure
to raise those claims before the habeas court or in his petition for
certification to appeal, was resolved in the companion case of *Banks* v.
*Commissioner of Correction* (347 Conn. 335), in which the court con-
cluded that such claims are reviewable if the appellant can demonstrate
that they are not frivolous, insofar as they involve issues that are debat-
able among jurists of reason, that a court could resolve them in a different
manner, or are adequate to deserve encouragement to proceed further.

(*Two justices dissenting in one opinion*)

Argued December 22, 2022—officially released July 25, 2023

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment dismissing
the petition; thereafter, the court denied the petition
for certification to appeal, and the petitioner appealed
to the Appellate Court, *Cradle, Alexander* and *Suarez,
Js.*, which dismissed the appeal, and the petitioner, on
the granting of certification, appealed to this court.
*Reversed*; *further proceedings*.

*Deren Manasevit*, assigned counsel, for the appel-
lant (petitioner).

*Sarah Hanna*, former senior assistant state's attor-
ney, with whom, on the brief, were *Joseph T. Corradino*,
state's attorney, and *Emily Trudeau*, assistant state's
attorney, for the appellee (respondent).

*Opinion*

ECKER, J. This is a certified appeal taken by the petitioner, Benjamin Bosque, challenging the Appellate Court's dismissal of his appeal from the habeas court's denial of his petition for certification to appeal. The petitioner claims that the Appellate Court incorrectly concluded that unpreserved claims not included in the petition for certification are unreviewable under the plain error doctrine or *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.3d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).[1] See *Bosque* v. *Commissioner of Correction*, 205 Conn. App. 480, 486–89, 257 A.3d 972 (2021).[2] In *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 350–77, A.3d (2023), also released today, we held that unpreserved claims challenging the habeas court's handling of the habeas proceeding itself are reviewable under the plain error doctrine and *Golding*, despite the failure to include those claims in the petition for certification to appeal, if the appellant can demonstrate that the claims are nonfrivolous because they involve issues that "are debatable among jurists of reason; that a court *could* resolve [them in a different manner]; or that [they] are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). Because the Appellate Court dismissed the petitioner's uncertified appeal without first considering whether his unpreserved claims are nonfrivolous under the *Simms* criteria, we reverse the judgment of the Appellate Court and remand for consideration of that issue consistent with the principles set forth in *Banks*.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

In this opinion McDONALD and D'AURIA, Js., concurred.

[1] We granted the petitioner's petition for certification to appeal, limited to the following two issues: (1) "Did the Appellate Court correctly interpret *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 911 A.2d 712 (2006), *Cookish* v. *Commissioner of Correction*, 337 Conn. 348, 253 A.3d 467 (2020), and other decisions of this court in concluding that plain error review of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?" And (2) "[d]id the Appellate Court correctly interpret *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 967 A.2d 41 (2009), *Moye* v. *Commissioner of Correction*, 316 Conn. 779, 114 A.3d 925 (2015), and other decisions of this court in concluding that review under *State* v. *Golding*, [supra, 213 Conn. 233], of challenges to the habeas court's handling of the habeas proceedings is unavailable for any issue that is not included in the petition for certification to appeal?" *Bosque* v. *Commissioner of Correction*, 338 Conn. 908, 908–909, 258 A.3d 1281 (2021).

[2] The Appellate Court's opinion sets forth a complete recitation of the factual and procedural history of this case. See *Bosque* v. *Commissioner of Correction*, supra, 205 Conn. App. 482–83.